Justin Cilenti (GC2321)
Peter Hans Cooper (PHC4714)
CILENTI & COOPER, PLLC
60 East 42nd Street – 40th Floor
New York, NY 10165
T. (212) 209-3933
F. (212) 209-7102
pcooper@jcpclaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

JAIME REDROVAN, on behalf of himself, and others similarly situated,

Plaintiff,

-against-

GLADYCE INC. dba LA COQUILLE; and MICHAEL B. MILLER, individually,

Defendants.

Case No. 26 cv 5647

**COMPLAINT in an FLSA ACTION**

Jury Trial Demand

ECF Case

---

Plaintiff, Jaime Redrovan ("Plaintiff"), on behalf of himself and other similarly situated employees, by and through his undersigned attorneys, Cilenti & Cooper, PLLC, respectfully files this Complaint against Defendants, Gladyce Inc., doing business as La Coquille, located at 1669 Northern Boulevard, Manhasset, New York, 11030 (hereinafter, "La Coquille"); and Michael B. Miller (defendants, collectively, "Defendants"), and states as follows:

## INTRODUCTION

1. Plaintiff, Jaime Redrovan, alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201, *et seq.* ("FLSA"), he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) liquidated damages; (3) prejudgment and post-judgment interest; and (4) attorneys' fees and costs.

2. Plaintiff, Jaime Redrovan, further alleges that, pursuant to the New York Labor Law, he is entitled to recover from the Defendants: (1) unpaid wages and overtime compensation; (2) unpaid "spread of hours" premium for each day he worked in excess of ten (10) hours; (3) liquidated damages and statutory penalties pursuant to the New York Wage Theft Prevention Act; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this controversy pursuant to 29 U.S.C. §216(b), 28 U.S.C. §§ 1331, 1337 and 1343, and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the Eastern District pursuant to 28 U.S.C. § 1391 because the conduct making up the basis of the complaint took place in this judicial district.

**PARTIES**

5. Plaintiff is an adult resident of Nassau County, New York.

6. Defendant, Gladyce Inc., doing business as La Coquille, is a domestic business corporation organized and existing under the laws of the State of New York, with a principal place of business at located at 1669 Northern Boulevard, Manhasset, New York 11030.

7. Upon information and belief, Defendant, Michael B. Miller, is the owner, officer, director and/or managing agent of Gladyce Inc., doing business as La Coquille, whose address is unknown at this time and who participated in the day-to-day operations of Gladyce Inc., doing business as La Coquille, and acted intentionally and maliciously

and is an "employer" pursuant to the FLSA, 29 U.S.A §203(d) and Regulations promulgated thereunder, 29 C.F.R. § 791.2, as well as New York Labor Law § 2 and the Regulations thereunder, and is jointly and severally liable with Gladyce Inc. doing business as La Coquille.

8. Plaintiff, Jaime Redrovan, was employed by Defendants in Nassau County, New York, to work as food preparer, general helper and assistant cook, for Defendants' restaurants known as "La Coquille" from 2003 through August 23, 2026.

9. At all relevant times, La Coquille was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

10. At all relevant times, the work performed by Plaintiff, Jaime Redrovan, was directly essential to the business operated by defendants.

11. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff lawfully earned wages in contravention of the FLSA and New York Labor Law.

12. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Jaime Redrovan lawfully earned overtime compensation in contravention of the FLSA and New York Labor Law.

13. At all relevant times, Defendants knowingly and willfully failed to pay Plaintiff Jaime Redrovan lawfully earned "spread of hours" premiums in contravention of the New York Labor Law.

14. The performance of Plaintiff's job responsibilities was controlled by the corporate and individual defendants.

15. The corporate defendant operates a French restaurant and is in the business of selling food and drink products which had previously traveled in interstate commerce, to the general public.

16. The individual defendant exercised control over the terms and conditions of Plaintiff's employment in that he has and has had the power to: (i) hire and fire employees, (ii) determine rates and methods of pay, (iii) determine work schedules, (iv) supervise and control work of the employees, including Plaintiff, and (v) otherwise affect the quality of his employees' employment.

17. The individual defendant hired Plaintiff; paid Plaintiff; and supervised him on a day-to-day basis.

18. Defendant Michael B. Miller exercised sufficient control over La Coquille's day-to-day operations as to be considered an employer of Plaintiff and other similarly situated employees, under the FLSA and New York Labor Law.

19. Plaintiff, Jaime Redrovan, has fulfilled all conditions precedent to the institution of this action and/or such conditions have been waived.

**STATEMENT OF FACTS**

20. In 2003, Plaintiff, Jaime Redrovan, was hired by Defendants to work as a food preparer and general helper at Defendants' restaurant known as "La Coquille" located at 1669 Northern Boulevard, Manhasset, New York 11030.

21. Plaintiff worked between 2003 until August 23, 2026, without interruption.

22. During Plaintiff's employment by Defendants, he worked over forty (40) hours per week. Plaintiff worked six (6) shifts per week, and his shift regularly consisted

of twelve (12) hours, or sometimes longer hours during holidays. Plaintiff regularly worked approximately seventy-two (72) hours per week.

23. Plaintiff was not paid overtime wages. Plaintiff was informed that he was paid an hourly regular rate of twenty-two dollars fifty cents ($22.50) per hour, via electronic bank transfer from the employer to his bank account. Work performed above forty (40) hours per week was not paid at time and one-half the statutory minimum rate of pay as required by state and federal law.

24. Plaintiff was not permitted to punch a time clock or otherwise record his working hours. He was not given a weekly accounting of his hours and pay or any other kind of wage statement or "paystub".

25. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying wages to Plaintiff, for all hours worked.

26. Defendants knowingly and willfully operated and continue to operate their business with a policy of not paying Plaintiff and other similarly situated employees either the FLSA overtime rate (of time and one-half), or the New York State overtime rate (of time and one-half), in violation of the FLSA and New York Labor Law and the supporting federal and New York State Department of Labor Regulations.

27. Defendants knowingly and willfully operated their business with a policy of not paying the New York State "spread of hours" premium to Plaintiff and other similarly situated employees.

28. At all relevant times, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to maintain accurate and sufficient time records.

29. Defendant, Michael B. Miller, is an individual who, upon information and belief, owns the stock of the corporate defendants, and manages and makes all business decisions concerning the operation of the restaurant, including but not limited to, the decisions of what salary the employees will receive and the number of hours the employees will work.

## STATEMENT OF CLAIM

### COUNT I
### [Violation of the Fair Labor Standards Act]

30. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "29" of this Complaint as if fully set forth herein.

31. At all relevant times, upon information and belief, Defendants were and continue to be an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Further, Plaintiff is a covered individual within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

32. At all relevant times, Defendants employed Plaintiff within the meaning of the FLSA.

33. Upon information and belief, at all relevant times, Defendants have had gross revenues in excess of $500,000.

34. Plaintiff, Jaime Redrovan, at all times relevant to this action, was not paid the statutory minimum wage.

35. Defendants failed to pay Plaintiff wages in the lawful amount for his hours worked.

36. Plaintiff, Jaime Redrovan, was and is entitled to be paid at the rate of time and one-half the statutory minimum, or his regular rate of pay if higher, for all hours worked in excess of the maximum hours provided for in the FLSA.

37. Defendants failed to pay Plaintiff overtime compensation in the lawful amount for all hours worked in excess of forty (40) hours per week, the maximum hours provided for in the FLSA.

38. At all relevant times, Defendants had a policy and practice of refusing to pay overtime compensation at the statutory rate of time and one-half to Plaintiff for all hours worked in excess of forty (40) hours per work week, which violated the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1) and 215(a).

39. Defendants knowingly and willfully disregarded the provisions of the FLSA as evidenced by their failure to compensate Plaintiff at the statutory minimum wage rate and the statutory overtime rate of time and one-half for all hours worked in excess of forty (40) hours per week, when they knew or should have known such was due and that non-payment of wages and overtime pay would financially injure Plaintiff.

40. As a result of Defendants' failure to properly record, report, credit and/or compensate its employees, including Plaintiff, the Defendants have failed to make, keep and preserve records with respect to each of its employees sufficient to determine the wages, hours and other conditions and practices of employment in violation of the FLSA, 29 U.S.A. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

41. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery

proceedings to be taken promptly in this case and, if necessary, will then seek leave of Court to amend this Complaint to set forth the precise amount due.

42. Defendants failed to properly disclose or apprise Plaintiff, Jaime Redrovan, of his rights under the FLSA.

43. As a direct and proximate result of Defendants' disregard of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

44. Due to the unlawful acts of the Defendants, Plaintiff suffered damages in an amount not presently ascertainable of unpaid minimum wages and overtime compensation, an equal amount as liquidated damages, and prejudgment interest thereon.

45. Plaintiff is entitled to an award of his reasonable attorneys' fees, costs and expenses, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**[Violation of the New York Labor Law]**

46. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "45" of this Complaint as if fully set forth herein.

47. At all relevant times, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

48. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff wages in the lawful amount for all hours worked.

49. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay Plaintiff overtime compensation at rates of not less than one and one-half times the statutory minimum rate of pay for each hour worked in excess of forty (40) hours in a workweek.

50. Defendants knowingly and willfully violated Plaintiff's rights by failing to pay "spread of hours" premiums to Plaintiff for each day he worked more than ten (10) hours pursuant to New York State Department of Labor Regulations §§137-1.7; 142-2.4.

51. Due to the Defendants' New York Labor Law violations, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to New York Labor Law § 663(1) *et al.* and § 198. Plaintiff also seeks liquidated damages pursuant to New York Labor Law § 663(1).

**COUNT III**
**[Statutory Penalties Pursuant to the New York State Wage Theft Prevention Act]**

52. Plaintiff re-alleges and re-avers each and every allegation and statement contained in paragraphs "1" through "51" of this Complaint as if fully set forth herein.

53. Defendant willfully disregarded and purposefully evaded record keeping requirements of the New York Labor Law by failing to maintain accurate and complete timesheets, wage notices, and payroll records.

54. Plaintiff was not provided with a proper and accurate, written wage notice, as required by law.

55. Plaintiff was not provided with true and accurate weekly wage statements as required by law.

56. A weekly accounting which Plaintiff was required to keep was inaccurate, incomplete, and not compliant with Federal and State record keeping requirements which place the burden on the employer to keep track of its employees' working hours.

57. Without adequate contemporaneous time records and accurate weekly wage statements, Plaintiff will not recover the full amount of wages owed, thereby constituting a significant and concrete injury.

58. Defendants' failure to provide an accurate annual wage notice entitles Plaintiff to statutory damages of fifty dollars ($50.00) per week for each work week the violation continued to occur, to a maximum of five thousand dollars ($5,000). New York Labor Law § 198(1-b).

59. Defendants' failure to provide a weekly wage statement entitles Plaintiff to statutory damaged in the amount of two hundred fifty dollars ($250.00) for each work day the violation occurred, to a maximum of five thousand dollars ($5,000). New York Labor Law §§195(1)(a), (3); 198 (1-d).

60. Defendants failed to comply with the notice and record keeping requirements of the New York State Wage Theft Prevention Act, and as such, are liable for civil penalties, attorneys' fees, and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Jaime Redrovan, respectfully requests that this Court grant the following relief:

(a) A declaratory judgment that the practices complained of herein are unlawful and in violation of Plaintiff's rights under the FLSA and New York Labor Law;

(b) An award of unpaid wages, and overtime due under the FLSA and New York Labor Law;

(c) An award of unpaid "spread of hours" premiums due under the New York Labor Law;

(d) An award of statutory damages for failure to provide wage notices and wage statements, pursuant to the New York State Wage Theft Prevention Act;

(e) An award of liquidated damages as a result of Defendants' failure to pay overtime compensation pursuant to 29 U.S.C. § 216;

(f) An award of prejudgment and post-judgment interest;

(g) An award of costs and expenses associated with this action, together with reasonable attorneys' fees;

(h) Such other and further relief as this Court determines to be just and proper.

**JURY DEMAND**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all issues.

Dated: New York, New York
September 14, 2026

Respectfully submitted,

CILENTI & COOPER, PLLC
**Counsel for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

By: ______________________________
Peter Hans Cooper, Esq

**NOTICE OF INTENTION TO ENFORCE MEMBER LIABILITY FOR SERVICES RENDERED**

To: Michael B. Miller

PLEASE TAKE NOTICE, that pursuant to the provisions of Section 630 of the Business Corporation Law of New York, you are hereby notified that Jaime Redrovan intends to charge you and hold you personally liable, jointly and severally, as one of the ten largest shareholders of Gladyce Inc., doing business as La Coquille, for all debts, wages and / or salaries due and owing to him as laborer, servant, and / or employee of said corporations, for services performed for said corporation within six (6) years preceding the date of this notice, and have expressly authorized the undersigned, as his attorney, to make this demand on his behalf.

Dated: New York, New York
September 14, 2026

Respectfully submitted,

By: ______________________________
Peter Hans Cooper (PHC 4714)

CILENTI & COOPER, PLLC
**Attorneys for Plaintiff**
60 East 42nd Street – 40th Floor
New York, NY 10165
Telephone (212) 209-3933
Facsimile (212) 209-7102
E-mail: pcooper@jcpclaw.com

**CONSENT TO SUE UNDER**
**FAIR LABOR STANDARDS ACT**

I, Jaime Rodovan, am an individual currently or formerly employed by Gledyce Inc dba Coquille and/or related entities. I consent to be a plaintiff in an action to collect unpaid wages.

Dated: New York, New York
August 24, 2026